**CYPRUS FEDERAL CREDIT UNION, Plaintiff–Appellant,**

v.

**CUMIS INSURANCE SOCIETY, INC., Defendant–Appellee.**

No. 15–4025.

United States Court of Appeals, Tenth Circuit.

Feb. 1, 2016.

Bruce Loyal Richards, Dean A. Stuart, Bruce L. Richards & Associates, Salt Lake City, UT, for Plaintiff-Appellant.

Craig Howe, Miller Toone, Salt Lake City, UT, Nicholas Thomas Moraites, Francis Joseph Nealon, Eckert Seamans Cherin & Mellott, Washington, DC, for Defendant-Appellee.

Before HARTZ, PHILLIPS, and MORITZ, Circuit Judges.

## ORDER AND JUDGMENT[*]

GREGORY A. PHILLIPS, Circuit Judge.

Cyprus Federal Credit Union appeals the district court's denial of its post-trial motion for judgment as a matter of law. Cyprus contends that the district court erred in using a special-verdict form that tied a CUMIS-issued fidelity bond's limitation period to language in the bond that, according to Cyprus, impermissibly lowered the filing-limitations period to less than what Utah law permits (three years). The district court concluded that Cyprus waived that argument because it did not raise the special-verdict-form issue during trial.

We hold that Cyprus has waived appellate review because Cyprus failed to argue

the district court's waiver finding in its opening brief. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

We described the facts of the case in an earlier appeal, *see Cyprus Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, No. 12–4145, 2013 WL 7174130 (10th Cir. July 12, 2013) (unpublished), but we briefly repeat them here for clarity. In late 2007, a Cyprus member who owned a construction company, Shawn Kirby, started writing checks from accounts at other banks to various subcontractors, vendors, and suppliers. *Id.* at *1. But instead of giving those checks to the listed payees, Kirby indorsed them and deposited them into his Cyprus accounts. The other banks returned those checks for insufficient funds, and Cyprus returned the funds to the other banks. But Kirby had already spent most of the money he fraudulently had deposited into the Cyprus accounts. *See id.* All told, Kirby's actions cost Cyprus nearly $500,000.

In 2006, Cyprus—located in Utah—had purchased a credit-union bond from CUMIS. The bond covered the kind of loss Cyprus experienced because of Kirby's fraud. CUMIS requires insureds to give written notice of the loss "at the earliest practicable moment after Discovery of Loss, but not to exceed 60 days after such discovery." Appellant's App. at 131. In addition, "[l]egal proceedings against [CUMIS] to recover under this Bond ... [m]ust be brought within 3 years after Discovery of Loss." *Id.* at 141. Relatedly, Utah law provides its own statute of limitations on insurance actions: "An action on a written policy or contract of first party

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

insurance must be commenced within three years after the inception of the loss." Utah Stat. Ann. § 31A–21–313(1). Utah also prohibits insurers from imposing lawsuit-limitations periods of less than three years. *See id.* § 31A–21–313(3)(a).

A Cyprus employee testified that she unsuccessfully processed two of Kirby's checks in February 2007 and made a note in Kirby's account regarding properly indorsed checks. Cyprus says it discovered the loss on February 7, 2008, but acknowledges that it did not file the "Proof of Loss" with CUMIS until August 1, 2008. CUMIS denied Cyprus's claim on January 21, 2009. On June 2, 2010, Cyprus sued CUMIS in Utah state court. CUMIS removed the case to federal court and won summary judgment; the district court held that an exclusion (the "Missing Endorsement" exclusion) barred coverage. *Cyprus Fed. Credit Union,* 2013 WL 7174130, at *2. We reversed after concluding that, for most of the checks Kirby wrote, no exclusion in the bond barred coverage. *Id.* at *3–11.

On remand, CUMIS again filed for summary judgment. It argued that the bond's filing-limitations period barred Cyprus's lawsuit because Cyprus did not file suit within three years of discovering the loss. The district court denied CUMIS's motion because a genuine dispute of material fact existed regarding when Cyprus discovered the loss.

Two days before trial began, both parties submitted proposed jury instructions. CUMIS provided a special-verdict form that required the jury to answer the following question:

1. When did Cyprus discover the loss?

_____ before June 1, 2007. (If checked, please stop your deliberations, have your foreperson sign the verdict form and advise the Court Clerk.)

_____ before October 31, 2007. (If checked, please move on to question # 2

[which addressed whether CUMIS suffered prejudice].)

_____ on or before February 7, 2008. (If checked, please move on to question # 3 [which addressed the meaning of a phrase in the bond].)

Appellant's App. at 23. The next day (one day before trial), Cyprus objected to CUMIS's proposed special-verdict form. The district court used CUMIS's proposed form but removed the question addressing the meaning of a phrase in the bond (question 3). Although not clear from the appendix, Cyprus filed a motion for judgment as a matter of law under Fed. R.Civ.P. 50 after CUMIS completed its case. It is unclear what Cyprus argued, but the district court denied the motion.

The jury found that Cyprus discovered the loss "before June 1, 2007." Appellant's App. at 38. Although the special-verdict form instructed the jury to stop there, the jury also answered in a separate question that Cyprus had suffered "0" in damages. *Id.* at 41. The district court entered judgment for CUMIS.

Cyprus renewed its Rule 50 motion after judgment and also moved for a new trial under Fed.R.Civ.P. 59(a), arguing that the district court had erred in allowing question 1 of the special-verdict form. The district court denied the motion. It concluded that Cyprus had waived the special-verdict-form issue when it "failed to include [it] in its Rule 50 motion for judgment as a matter of law at the close of evidence." *Id.* at 44. The district court also rejected Cyprus's arguments regarding the verdict form on the merits.

## DISCUSSION

We review de novo the denial of a motion for judgment as a matter of law, using the same legal standard as the district court. *Kelly v. Metallics West, Inc.,* 410 F.3d 670, 674 (10th Cir.2005). CUMIS

argues that Cyprus waived the special-verdict-form issue because it did not address in its opening brief the district court's waiver finding. We agree. Cyprus has waived appellate consideration of this issue by failing to raise it in its opening brief.

An appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies...." Fed. R.App. 28(a)(8)(A). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir.2007). "Stated differently, the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Id.* Cyprus's opening brief does not mention, let alone meaningfully discuss, the district court's waiver finding. Instead, it focuses solely on the merits.[1] Cyprus's failure to address the waiver finding precludes it from raising any argument that the district court erred in using CUMIS's special-verdict form at trial. *See id.* at 1105 (holding that appellant "forfeited any argument" regarding the constitutionality of a state's civilly recognizing polygamous marriages when the appellant only argued that the state's criminal prohibition of polygamy was constitutionally invalid); *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1547 (10th Cir.1995) (holding that a plaintiff who had not adequately briefed an issue (retaliation) on appeal forfeited it because the plaintiff's brief "contain[ed] one paragraph in which she refers to retaliation" but "did not submit any argument, cite relevant case law, or alert us to any part of the record that demonstrates retaliatory conduct").

## CONCLUSION

Cyprus has waived appellate review by failing to argue against the district court's waiver finding in its opening brief. We affirm.

---

1. Although CUMIS raised the appellate-waiver issue in its brief, Cyprus responded in its reply brief that it objected to the special-verdict form before trial and that "[w]aiver was not an issue until CUMIS raised the issue in its response memorandum." Appellant's Reply Br. at 6. Cyprus still did not directly address the district court's waiver finding in its reply brief.

Cyprus also argues that the district court's waiver ruling was limited to Cyprus's Rule 50(b) motion and not its Rule 59(a) motion for a new trial. The district court stated that, "In any event, the Court agrees with CUMIS that because Cyprus failed to include any special verdict issue in its Rule 50 motion for judgment as a matter of law at the close of evidence, it is precluded from doing so in its present motion." Appellant's App. at 44–45. Even if the district court limited its waiver ruling to Cyprus's Rule 50(b) motion—one it styled as both a Rule 50(b) motion and a motion for a new trial—we conclude that Cyprus has waived review of its Rule 59 motion too. Cyprus inadequately presented its Rule 59–motion argument in its opening brief. It did not assert "any reason for which a new trial has heretofore been granted in an action at law in federal court" or cite any case in support of that proposition. Fed.R.Civ.P. 59(a)(1)(A); Fed. R.App. P. 28(a)(8)(A) (requiring an appellant to state the "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Nor did Cyprus argue that the district court should have granted its new-trial motion to avoid gross injustice. "[I]n a civil action, '[a] principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result.'" *United States v. Walton*, 909 F.2d 915, 924 (6th Cir.1990) (second alteration in original) (quoting 21 Charles Alan Wright & Arthur R. Miller. *Federal Practice and Procedure* § 2805 (3d ed.1998)).